**Jacoby GARRETT, Plaintiff-Appellant**

v.

**John DOE (B); John Doe (C); John Doe (D); John Doe (E); John Doe (F); John Doe (G); John Doe (H); John Doe (I); John Doe (J); John Doe (K); John Doe (L); John Doe (M); John Doe (N), Defendants-Appellees**

No. 16-1269

United States Court of Appeals, Eighth Circuit.

Submitted: March 2, 2017

Filed: March 9, 2017

Jacoby Garrett, Pro Se

Clarinda Correctional Facility, Clarinda, IA, for Plaintiff-Appellant

Les V. Reddick, Kane & Norby, Dubuque, IA, for Defendants-Appellees

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

PER CURIAM.

In this 42 U.S.C. § 1983 action, Jacoby Garrett appeals the district court's[1] adverse grant of summary judgment based on its finding that he had failed to exhaust administrative remedies, as required under the Prison Litigation Reform Act (PLRA). After careful review of the record and the parties' arguments on appeal, we conclude

that no genuine issue of material fact remained as to whether he failed to exhaust available administrative remedies. *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust available administrative remedies prior to bringing a federal prison-conditions claim under § 1983); *King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1052 (8th Cir. 2010) (*de novo* standard of review). Garrett effectively conceded the availability of an administrative remedy in stating that he had filed numerous grievance forms, and he did nothing to counter defendants' evidence that he failed to exhaust these remedies aside from the mere claim that he had done so in his unsworn complaint. Accordingly, we affirm. *See* 8th Cir. R. 47B.

---

1. The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.